# EXHIBIT C

FITZGERALD KNAIER LLP
  Kenneth M. Fitzgerald, Esq. (SBN: 142505)
    kfitzgeraldknaier@fitzgeraldknaier.com
  Keith M. Cochran, Esq. (SBN: 254346)
    kcochran@fitzgeraldknaier.com
402 West Broadway, Suite 1400
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

Attorneys for Non-Party Alphatec Spine, Inc.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NUVASIVE, INC.<br><br>   Plaintiff,<br><br>v.<br><br>MICHAEL JONES, and KENNETH KORMANIS,<br><br>   Defendants. | Civil Action No.: 1:18-cv-00282<br><br>**Non-Party Alphatec Spine, Inc.'s Objections to Plaintiff NuVasive, Inc.'s Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection of Premises In A Civil Action** |

Under Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, non-party Alphatec Spine, Inc. ("Alphatec") hereby objects to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") served by plaintiff NuVasive, Inc. ("NuVasive").

## **GENERAL OBJECTIONS**

1. Alphatec objects to the requests contained in the Subpoena ("Requests") to the extent that they seek information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

2. Alphatec objects that insofar as the "Instructions" included in the Subpoena require that the requests "are of a continuing nature;" identify the precise location and custodian of all records; and explain in detail the fate of any document no longer in Alphatec's possession, custody, or control, they impose "undue burden [and] expense" on a non-party. Fed. R. Civ. P. 45(d)(1); *see also United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982) ("Although party witnesses must generally bear the burden of discovery costs, the rationale for the general rule is inapplicable where the discovery demands are made on nonparties. Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party.").

3. Alphatec objects that insofar as the "Instructions" included in the Subpoena require the production of all electronically-stored information, they impose "undue burden [and] cost" on Alphatec. Fed. R. Civ. P. 45(e)(1)(D).

4. Alphatec objects that the purported definitions included in the Subpoena are vague and ambiguous, misleading, obtuse, overbroad, harassing, and contrary to the plain, common, and accepted meanings of the indicated terms.

5. Alphatec objects to the Requests, Instructions and Definitions to the extent the Requests, Instructions, and Definitions exceed the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure.

# SPECIFIC OBJECTIONS

**REQUEST NO. 1:**

All communications with Ken Kormanis that reference, mention, or relate to Dr. Benjamin Ditty.

**RESPONSE TO REQUEST NO. 1:**

Alphatec objects to this Request because any relevant documents can be sought from a party without the need to seek them from a non-party by subpoena. *Soto v. Castlerock Framing & Transport, Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012); *Nidec Corp. v. Victor Co. of Japan,* 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 638 (C.D. Cal. 2005) (because "plaintiffs have not shown they have attempted to obtain documents from defendant, the Court finds that, at this time, requiring [the] non-party ... to produce these documents is an undue burden").

Alphatec further objects that this Request seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Alphatec further objects that this Request is overbroad as to subject matter, and thus imposes "undue burden [and] expense" on a non-party. Fed. R. Civ. P. 45(d)(1); *see also United States v. Columbia Broad. Sys., Inc.,* 666 F.2d 364, 371 (9th Cir. 1982) ("Although party witnesses must generally bear the burden of discovery costs, the rationale for the general rule is inapplicable where the discovery demands are made on nonparties. Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party."). Alphatec further objects that this Request

seeks highly sensitive, confidential, and proprietary information from a direct competitor, potentially including trade secrets. *Cf. Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (explaining that a court may quash a third-party subpoena "in the event the subpoena requires the disclosure of a trade secret or other confidential research, development, or commercial information").

**REQUEST NO. 2:**

All communications with Ken Kormanis that reference, mention, or relate to Dr. William Hunter.

**RESPONSE TO REQUEST NO. 2:**

Alphatec objects to this Request because any relevant documents can be sought from a party without the need to seek them from a non-party by subpoena. *Soto v. Castlerock Framing & Transport, Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012); *Nidec Corp. v. Victor Co. of Japan,* 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 638 (C.D. Cal. 2005) (because "plaintiffs have not shown they have attempted to obtain documents from defendant, the Court finds that, at this time, requiring [the] non-party ... to produce these documents is an undue burden").

Alphatec further objects that this Request seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Alphatec further objects that this Request is overbroad as to subject matter, and thus imposes "undue burden [and] expense" on a non-party. Fed. R. Civ. P. 45(d)(1); *see also United States v. Columbia Broad. Sys., Inc.,* 666 F.2d 364, 371 (9th Cir. 1982) ("Although party witnesses must generally bear the burden of discovery costs, the rationale for

the general rule is inapplicable where the discovery demands are made on nonparties. Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party."). Alphatec further objects that this Request seeks highly sensitive, confidential, and proprietary information from a direct competitor, potentially including trade secrets. *Cf. Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (explaining that a court may quash a third-party subpoena "in the event the subpoena requires the disclosure of a trade secret or other confidential research, development, or commercial information").

**REQUEST NO. 3:**

All communications with Ken Kormanis that reference, mention, or relate to Dr. Doug Jones.

**RESPONSE TO REQUEST NO. 3:**

Alphatec objects to this Request because any relevant documents can be sought from a party without the need to seek them from a non-party by subpoena. *Soto v. Castlerock Framing & Transport, Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012); *Nidec Corp. v. Victor Co. of Japan,* 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 638 (C.D. Cal. 2005) (because "plaintiffs have not shown they have attempted to obtain documents from defendant, the Court finds that, at this time, requiring [the] non-party … to produce these documents is an undue burden").

Alphatec further objects that this Request seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Alphatec

further objects that this Request is overbroad as to subject matter, and thus imposes "undue burden [and] expense" on a non-party. Fed. R. Civ. P. 45(d)(1); *see also United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982) ("Although party witnesses must generally bear the burden of discovery costs, the rationale for the general rule is inapplicable where the discovery demands are made on nonparties. Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party."). Alphatec further objects that this Request seeks highly sensitive, confidential, and proprietary information from a direct competitor, potentially including trade secrets. *Cf. Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (explaining that a court may quash a third-party subpoena "in the event the subpoena requires the disclosure of a trade secret or other confidential research, development, or commercial information").

**REQUEST NO. 4:**

All records regarding the shipment of Alphatec's products to Kenneth Kormanis.

**RESPONSE TO REQUEST NO. 4:**

Alphatec objects to this Request because any relevant documents can be sought from a party without the need to seek them from a non-party by subpoena. *Soto v. Castlerock Framing & Transport, Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012); *Nidec Corp. v. Victor Co. of Japan,* 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (because "plaintiffs have not shown they have attempted to obtain documents from defendant, the Court finds that, at this time, requiring [the] non-party … to produce these documents is an undue burden").

Alphatec objects to this request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Alphatec further

objects that this Request seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Alphatec further objects that this Request is overbroad as to subject matter, and thus imposes "undue burden [and] expense" on a non-party. Fed. R. Civ. P. 45(d)(1); *see also United States v. Columbia Broad. Sys., Inc.,* 666 F.2d 364, 371 (9th Cir. 1982) ("Although party witnesses must generally bear the burden of discovery costs, the rationale for the general rule is inapplicable where the discovery demands are made on nonparties. Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party."). Alphatec further objects that this Request seeks highly sensitive, confidential, and proprietary information from a direct competitor, potentially including trade secrets. *Cf. Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (explaining that a court may quash a third-party subpoena "in the event the subpoena requires the disclosure of a trade secret or other confidential research, development, or commercial information").

**REQUEST NO. 5:**

Complete copies of all of your contracts or other agreements with Kenneth Kormanis, Michael Jones, Quinn Michael, Inc., and/or ReAlign Spine, LLC.

**RESPONSE TO REQUEST NO. 5:**

Alphatec objects to this Request because any relevant documents can be sought from a party without the need to seek them from a non-party by subpoena. *Soto v. Castlerock Framing & Transport, Inc.,* 282 F.R.D. 492, 505 (E.D. Cal. 2012); *Nidec Corp. v. Victor Co. of Japan,* 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in the possession of

- 7 -   Case No.: 1:18-cv-282
Non-Party Alphatec Spine's Objections and Responses to NuVasive's Subpoena

the party defendant."); *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 638 (C.D. Cal. 2005) (because "plaintiffs have not shown they have attempted to obtain documents from defendant, the Court finds that, at this time, requiring [the] non-party ... to produce these documents is an undue burden").

Alphatec further objects that this Request seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Alphatec further objects that this Request seeks highly sensitive, confidential, and proprietary information from a direct competitor, potentially including trade secrets. *Cf. Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 637 (C.D. Cal. 2005) (explaining that a court may quash a third-party subpoena "in the event the subpoena requires the disclosure of a trade secret or other confidential research, development, or commercial information").

Dated: September 13, 2018

FITZGERALD KNAIER LLP

By: _____Keith Coch_____
Kenneth M. Fitzgerald, Esq.
Keith M. Cochran, Esq.
Attorneys for Non-Party
Alphatec Spine, Inc.

*NuVasive v. Jones, et al.*
U.S. District Court Case No.: 1:18-cv-00282

# PROOF OF SERVICE

I, the undersigned, say: I am over 18 years of age, employed in the County of San Diego, California, in which county the within-mentioned service occurred; and that I am not a party to the subject cause. My business address is 402 West Broadway, Suite 1400, San Diego, California 92101.

On September 13, 2018, I served the following document(s):

- **Non-Party Alphatec Spine, Inc.'s Objections to Plaintiff NuVasive, Inc.'s Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection of Premises In A Civil Action**

to each of the addressees named hereafter as follows:

**Counsel for Plaintiff**
**NuVasive, Inc.**

Thomas McFarland
Chris Cardwell
Gullett Sanford Robins & Martin PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
tmcfarland@gsrm.com
ccardwell@gsrm.com

**Counsel for Plaintiff**
**NuVasive, Inc.**

Jeff Hood
Procopio, Cory, Hargreaves & Savitch LLP
12544 High Bluff Drive, Suite 300
San Diego, CA 92130
Jeff.hood@procopio.com

| | ☐ | **BY ELECTRONIC FILING.** I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the Court. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to the electronic service through the Court's transmission facilities. Under said practice, the above-parties were served via CM/ECF. |
|---|---|---|
| | ☒ | **BY MAIL.** I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Federal Rule of Civil Procedure § 5(b)(2)(B). |
| | ☐ | **BY FAX.** In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the addressee pursuant to Federal Rule of Civil Procedure § 5(b)(2)(D). |
| | ☐ | **BY PERSONAL SERVICE.** I caused said document(s) to be hand delivered to the addressee(s) pursuant to Federal Rule of Civil Procedure § 5(b)(2)(A). |
| | ☐ | **BY OVERNIGHT DELIVERY.** I deposited said document(s) in a box or other facility regularly maintained by an express service carrier providing overnight. |
| | ☒ | **BY EMAIL.** The document stated herein was transmitted by email and the transmission was reported as complete and without error. A transmission report was properly issued indicating the date and time of receipt of the transmission. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 13, 2018.

Robert M. Wilson, Paralegal