UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUVASIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JONES and KENNETH KORMANIS,<br><br>Defendants. | Case No.: 18-cv-2373-GPC-MDD<br><br>**ORDER ON NUVASIVE'S MOTION TO COMPEL NON-PARTY ALPHATEC SPINE INC., TO COMPLY WITH SUBPOENA**<br><br>**[ECF NO. 1]** |

## BACKGROUND

Before the Court is Plaintiff's motion to compel compliance with a subpoena issued in connection with a case pending in the Middle District of North Carolina, captioned as above and carrying case number 6:17cv2206-ORL-41GJK. According to Plaintiff, InoSpine, LLC ("InoSpine") is one of NuVasive's exclusive sales agents based in North Carolina. Defendants Michael Jones and Kenneth Kormanis were affiliated with InoSpine as an independent contractor and direct employee, respectively, until resigning in

1

early March of 2018. Plaintiff alleges that Kormanis has been distributing products manufactured by Alphatec Spine, Inc. ("Alphatec"), a direct competitor of NuVasive, to his former NuVasive customers that he serviced while employed by InoSpine, in violation of the contractual obligations he owes to NuVasive. (ECF No. 1-2 at 2 and ECF No. 1-3).

Pursuant to Rule 45, Fed. R. Civ.P., Plaintiff served a subpoena duces tecum upon Alphatec which objected to the subpoena and did not comply. A copy of the subpoena is located at ECF No. 1-4). This motion to compel was filed on October 17, 2018. (ECF No. 1). Alphatec responded in opposition on November 2, 2018. (ECF No. 13).

## LEGAL STANDARDS

Rule 45 governs obtaining information by subpoena from non-parties. Under Rule 45(d)(1), the requesting party or attorney "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." A non-party subject to a subpoena duces tecum "deserve[s] extra protection from the courts." *High Tech Medical Instrumentation v. New Image Indus.,* 161 F.R.D. 86, 88 (N.D.Cal.1995) (citing *United States v. Columbia Broadcasting System,* 666 F.2d 364, 371–72 (9th Cir.1982)). And, Rule 45(d)(1) requires this Court, the court where compliance is required, to "enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply."

Apart from the special duty imposed on the requesting party by Rule 45(d)(1), Rule 26(b), Fed. R. Civ. P., provides that discovery may be obtained only if it is relevant to any party's claim or defense and proportional to the needs of the case. *See Soto v. Castlerock Farming & Transp., In*c., 282 F.R.D. 492, 503 (E.D. Cal. 2012).

## DISCUSSION

The subpoena calls for the production of five categories of information:

1. All communications with Ken Kormanis that reference, mention, or relate to Dr. Benjamin Ditty;

2. All communications with Ken Kormanis that reference, mention, or relate to Dr. William Hunter;

3. All communications with Ken Kormanis that reference, mention, or relate to Dr. Doug Jones;

4. All records regarding the shipment of Alphatec's products to Kenneth Kormanis; and

5. Complete copies of all of your contracts or other agreements with Kenneth Kormanis, Michael Jones, Quinn Michael, Inc., and/or ReAlign Spine, LLC.

(ECF No. 1-4 at 10). Information regarding Michael Jones and the business he is affiliated with, Quinn Michael, Inc., is no longer relevant as the underlying case against Mr. Jones has been resolved. (ECF No. 1-2 at 2 n.1). Alphatec has not asserted a relevance objection regarding the information requested regarding Mr. Kormanis and the business with which he allegedly is affiliated, ReAlign Spine, LLC.

The crux of the matter here is whether it is appropriate for Plaintiff to be seeking this information from a non-party, Alphatec, rather than Mr. Kormanis, who is a party to the underlying suit. Courts have expressed a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests. *See Soto,* 282 F.R.D. at 505. Plaintiff asserts that Mr. Kormanis allegedly has deleted relevant communications and it is appropriate to seek such communications from Alphatec. (ECF No.

3

1-2 at 8). Also, Plaintiff argues that it should be able to compare information provided by Mr. Kormanis with the same information to be obtained from Alphatec. (*Id.*). Plaintiff also asserts that information responsive to items 4 and 5 are not in Mr. Kormanis' possession. (*Id.*).

Regarding requests 1-3, the Court has reviewed the responses by Mr. Kormanis to the discovery requests served upon him. It appears that Mr. Kormanis has produced the relevant communications with the exception of text messages. Regarding text messages, Mr. Kormanis responded:

> As for text messages, due to a space limitation on his iPhone, Defendant Kormanis only is able to keep data on his device from the previous 30 days. In order to comply with the litigation hold letter, Defendant Kormanis backs up his iPhone to his MacBook Air so that all messages are preserved. However, at this time, Defendant Kormanis has not been able to retrieve said messages from his personal devices. Once these communications are retrieved, they will be produced.

(ECF No. 13-4). There is nothing in Plaintiff's moving papers, however, that suggests that Alphatec may be in possession of text messages from Mr. Kormanis to the identified doctors. Similarly, there is nothing that suggests that the production by Mr. Kormanis of non-text communications was deficient and may be in the possession of Alphatec. Without that, it would be unduly burdensome to require non-party Alphatec to search its data for these communications. *See Shasta Linen Supply, Inc., v. Applied Underwriters, Inc.,* Nos. 2:16-cv-00158 and 01211, 2018 WL 2981827 *4 (E.D. Ca. June 14, 2018).

Similarly, regarding requests 4 and 5, there is nothing to suggest that Mr. Kormanis' production on these topics is deficient. Plaintiff's argument that records regarding shipments to Mr. Kormanis and contracts with Mr. Kormanis are not in his possession is not supported. No matter how easy it

4

may or may not be for Alphatec to collect and produce this information, it should first be sought from the party. The requests will not be enforced against a non-party without some showing of a gap in the production by the party that may be remedied by the non-party. *Id.*

## SANCTIONS

As the Court is denying Plaintiff's Motion, it is required, under Rule 45(d)(1), to consider sanctions. The Court declines to order sanctions as this subpoena seeks relevant information and although the Court finds that it imposes an undue burden upon a non-party, Plaintiff did not act unreasonably.

## CONCLUSION

Plaintiff's Motions to Compel are DENIED. The subject subpoenas are quashed.

Dated: November 20, 2018

*(signature)*
Hon. Mitchell D. Dembin
United States Magistrate Judge